UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FENG LIN,<br><br>                              Plaintiff,<br><br>               -against-<br><br>SYNCHRONY BANK; EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                              Defendants. | Civil Action<br>Case No.: 24-8771<br><br><br>**SUMMONS<br>IN A CIVIL ACTION** |

To:        **SYNCHRONY BANK,**
           c/o CT Corporation System
           28 Liberty Street
           New York, New York 10005

           *(see attached rider)*

       A lawsuit has been filed against you.

       Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

           Serge F. Petroff
           Petroff Amshen LLP
           1795 Coney Island Avenue, Third Floor
           Brooklyn, New York 11230

       If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                   BRENNA B. MAHONEY
                                   *CLERK OF COURT*

Date: _____          _____
                                       *Signature of Clerk or Deputy Clerk*

*Feng Lin v. Synchrony Bank, N.A., et al.*
Civil Action Case No.: 24-8771

## SUMMONS IN A CIVIL ACTION – RIDER

To:      **EXPERIAN INFORMATION SOLUTIONS, INC.**
              c/o CT Corporation System
              28 Liberty Street
              New York, New York 10005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FENG LIN,<br><br><div align="center">Plaintiff,</div><br><div align="center">-against-</div><br>SYNCHRONY BANK.; EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br><div align="center">Defendants.</div> | Civil Action<br>Case No.: 24-8771<br><br><br>**COMPLAINT** |

Plaintiff Feng Lin ("Plaintiff"), by and through his attorneys, Petroff Amshen LLP, as and for his complaint against the defendants named herein (collectively, "Defendants"), hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

1.      Plaintiff brings this action for damages arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022), Fair Debt Collection Practices Act ("FDCPA") and its implementing Regulation F (15 U.S.C § 1692, *et seq.* and 12 C.F.R § 1006.1, *et seq.*), and New York General Business Law ("GBL") which codifies New York's Fair Credit Reporting Act (the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations of consumer credit protection laws, including failure to investigate and correct inaccurate credit reporting resulting from identity theft, and unlawful attempts to collect on a fraudulent debt.

2.      Unbeknownst to Plaintiff, an identity thief stole his personal information and used this information to gain access to Plaintiff's credit account. By the time Plaintiff discovered he was a victim of identity theft, the thief had already used Plaintiff's account to make fraudulent, illegal, and unauthorized purchases totaling more than $11,898.00.

3.      Although Plaintiff took every possible measure to report the fraud and restore his good credit, the Defendants failed and refused to investigate or correct the errors and continued furnishing and reporting inaccurate information and attributing the fraudulent charges to Plaintiff.

4.      Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. § 1681.

5.      Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See id.*

6.      The FCRA also imposes a duty upon the furnishers of information to consumer reporting agencies to provide accurate information relating to consumers, and to correct and update any consumer information the furnisher determines is incomplete or inaccurate. *See* 15 U.S.C. § 1681s-2.

7.      Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants ignored Plaintiff's pleas for help and instead further perpetuated the identity theft, causing Plaintiff to suffer ongoing credit damage.

## PARTIES

8.      Plaintiff is an individual and resident of the State of New York, County of Kings, residing at 734 44th Street, Floor 1, Brooklyn, New York 11220.

9.      Defendant Synchrony Bank ("Synchrony") is a federally chartered savings bank existing under the laws of the United States of America, with its principal place of business at 170

West Election Road, Suite 125, Draper, Utah 84020, and registered agent for service in New York c/o CT Corporation System, 28 Liberty Street, New York, New York, 10005.

10.     Defendant Experian Information Solutions, Inc. ("Experian") is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626, and registered agent for service in New York c/o CT Corporation System, 28 Liberty Street, New York, New York 10005. Experian is a wholly owned subsidiary of Experian Holdings, Inc. Experian is one of the three national Credit Reporting Agencies recognized by the Federal Trade Commission.

## JURISDICTION

11.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims substantially arise under federal law.

12.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to Plaintiff's claims occurred in this district, and Plaintiff resides in this district.

## STATEMENT OF FACTS

13.     Since 2010, Plaintiff has been a resident of Kings County, New York. Prior to 2010, Plaintiff had not lived in the United States.

14.     Until 2010, Plaintiff was a citizen of China.

15.     In 2010, following his dreams of a fresh start, he moved to the United States.

16.     Since arriving here, Plaintiff has worked hard to build a better life for himself and his family.

17.     Plaintiff has always diligently managed his finances and maintained a good credit score.

18.     However, unbeknownst to Plaintiff, his name and credit were illegally, fraudulently, and without authorization used to open a credit card account with Synchrony (the "Synchrony Card").

19.     Like many immigrants, Plaintiff does not speak English well. This language barrier has presented challenges for him in navigating various aspects of American society, including understanding and managing his credit report.

20.     Despite this challenge, he has never been late with any payment obligations.

**I.     Inaccurate Credit Reporting of Unauthorized and Fraudulent Account in Plaintiff's Name.**

21.     In or about November 2006, an unknown perpetrator opened a credit card account with Synchrony.

22.     Plaintiff did not open or authorize a credit card in his name, nor did he provide his information to any individual or authorize anyone to add him to an existing account with Synchrony.

23.     The illegal, fraudulent, and unauthorized account was opened on November 1, 2006, almost half a decade before Plaintiff moved to the United States.

24.     Plaintiff does not know who opened the account mentioned or how this unknown individual obtained his personal information to do so.

25.     Plaintiff has never used the Synchrony Card, nor benefited from any purchases made with the account.

26.     Plaintiff never received any correspondence or notices from Synchrony regarding the account, and he was unaware that it even existed until he discovered it in his credit report.

27.     In August 2024, Plaintiff attempted to obtain a mortgage to purchase a home, a significant step towards achieving his American dream. However, his application was denied due to the inaccurate credit rating reported by Experian.

28.     Plaintiff was informed that the derogatory information, stemming from the alleged past-due account with Synchrony, disqualified him from obtaining the loan.

29.     Immediately upon learning of this information and being concerned about its inaccuracy, Plaintiff requested a copy of his credit report.

30.     When he obtained his credit reports from the three major credit reporting agencies (Experian, Equifax, and TransUnion), he noticed that only Experian's report showed inaccurate information regarding the Synchrony Card.

31.      On the Plaintiff's credit report, Experian reported the unauthorized credit card "Synchrony Card" in "derogatory" status, with a past-due balance of $11,898.00.

32.     Synchrony is the issuer of the credit card 478433200672**** (the "Synchrony Card"). Upon information and belief, in credit reports supplied to Plaintiff by Experian, the Synchrony Card is referred to as "SYNC/BP DC."

33.     This card was issued even though the Plaintiff was not in the United States at the time of the issuance of the card.

34.     In response to Plaintiff's request, a report was received stating that there was an unpaid balance of $11,898.00 and that the account was also reported as a "loss" by the Synchrony. The credit report indicated that the last activity on the account occurred on June 1, 2024.

35.     This inaccurate information resulted in a "fair" credit rating for Plaintiff on Experian's report.

36.     Notably, Equifax and TransUnion accurately show an "excellent" credit rating on their reports.

**II.     Plaintiff's Notice of Dispute.**

37.     On or about August 20, 2024, Plaintiff mailed a written notice (the "Notice of Dispute") to Experian, advising that he was the victim of identity theft and providing information regarding the fraudulent transactions and inaccurate credit reporting associated with the fraudulent debt. A true and correct copy of the Notice of Dispute, with proof of mailing/delivery and without enclosures, is annexed hereto as **Exhibit A**.

38.     The Notice of Dispute includes an identity theft report, which Plaintiff considers to be one of the mechanisms for how he can resolve the issue arising from the Synchrony Card. This report demonstrates his language barrier and his lack of knowledge about U.S. regulations. **Exhibit A.** In connection with the Notice of Dispute, Plaintiff provided his name, address, date of birth, social security number, and all necessary information to identify the illegal, unauthorized, and fraudulent account in question; and enclosed copies of Plaintiff's identity theft report, proof of address, and personal identification. *See* Ex. A. A true and correct copy of the identity theft report Plaintiff filed with the FTC is annexed hereto as **Exhibit B**.

39.     Plaintiff specified the items in dispute as follows:

a.     SYNCB/BP    DC    |    $11,898.00    |    Opened    11/01/2006    |    Account: 478433200672****. *See* **Exhibit A**.

40.     Although the Notice of Dispute requested an investigation and correction to Plaintiff's credit report, along with a written response and documentation detailing the outcome of the investigation, Experian failed to undertake a timely or proper investigation into identity theft and fraudulent transactions and did not provide the requested response.

41.    Upon information and belief, Experian further failed to notify the Synchrony of its receipt of the Notice of Dispute, and/or the Synchrony did receive the Notice of Dispute but failed to investigate or correct the completeness and accuracy of the disputed information.

42.    Upon information and belief, to date, Synchrony has continued furnishing inaccurate information to Experian regarding Plaintiff's Synchrony Card, and Experian has continued inaccurately reporting the fraudulent debt as delinquent and attributable to Plaintiff, causing significant damage to Plaintiff's credit and finances.

**III.    Failure to Investigate or Resolve Plaintiff's Fraud Dispute Claims.**

43.    Experian is a credit reporting agency that compiles and provides credit information to creditors.

44.    Experian has a duty to ensure that the information it reports is accurate and up to date as it defines whether or not you pay on time and maintain a good credit history is important, given the fact that this record will allow you to access credit, obtain a mortgage, among other things. However, in Plaintiff's case, Experian failed to uphold this duty.

45.    Specifically, Experian reported inaccurate information about a credit card debt that Plaintiff allegedly owed to Synchrony.

46.    Plaintiff did not make, authorize, or benefit from the purchase, and he did not discover it until he uncovered the fraudulent Synchrony account appearing on his credit report years later. By that time, the fraudulent Synchrony's account was reporting a delinquent debt in Plaintiff's name in the amount of $11,898.00.

47.    Upon information and belief, the Synchrony records and maintains information regarding Plaintiff and furnishes this information to the Experian.

48.    The Synchrony Card was overdrawn well beyond its credit limit.

49.     Plaintiff has never had this issue before.

50.     Plaintiff always made his payments on time and never exceeded his credit limits.

51.     Despite the use of the fraudulent account to make a large purchase, upon information and belief, neither Synchrony nor Experian flagged any suspicious activity on the account or on Plaintiff's credit report.

52.     Further, given that Synchrony continues to report the debt as "past due" and "charged off," it takes no steps to block the fraudulent purchase or secure the account in any meaningful manner.

53.     In the "Fraud Protection" section on Synchrony's website, they advise that "if information contained in your report is not accurate, you may dispute it and request that it be changed". *See Fraud Protection | Synchrony[1]*.

54.     In following all applicable rules, Plaintiff did report that the information in his credit report regarding the Synchrony Card was inaccurate.

55.     Neither of the Defendants complied with their obligations to report correct information upon receiving a valid notice of dispute, causing significant damages to the Plaintiff.

## VIOLATIONS OF THE FCRA
### (15 U.S.C. § 1681, *et seq.*)

56.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

57.     Plaintiff is a "consumer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(c).

58.     Synchrony is a "furnisher" of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C. § 1681s-2, including providing accurate information relating to consumers.

---

[1] www.synchrony.com last accessed on November 27, 2024 at 1:59pm EST

59.     Synchrony is also a "person" as defined by the FCRA. *See* 15 U.S.C. § 1681a(b).

60.     Subpart E of Regulation V, the FCRA's implementing regulation, applies to furnishers of information, including the Synchrony. *See* 12 C.F.R. §§ 1022.1, 1022.40.

61.     Experian is a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C. § 1681a(f).

62.     Experian qualifies as a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by the FCRA. *See* 15 U.S.C. §1681a(p).

<u>**COUNT I**</u>
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681n)**
*AS TO SYNCHRONY*

63.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

64.     The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors." *See* 15 U.S.C. § 1681s-2(a)(1).

65.     Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

66.     Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies

and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

67.    Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.

12 C.F.R. § 1022.41(a).

68.    Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -- (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

69.    "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." 15 U.S.C. § 1681s-2(a)(3).

70.    Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

71.    A furnisher who receives an identity theft report from a consumer is also prohibited from furnishing information to a CRA that is the result of such identity theft. *See* 15 U.S.C. § 1681s-2(a)(6)(B).

72.    Plaintiff disputed the fraudulent charges directly to Synchrony, and in the Notice of Dispute sent to Experian. Plaintiff also filed an identity theft report with the FTC, which was included with the Notice of Dispute.

73.    Upon information and belief, Synchrony received notice of Plaintiff's Notice of Dispute regarding the accuracy of information furnished to Experian concerning her Synchrony Card. Upon further information and belief, Synchrony also received the identity theft report Plaintiff filed with the FTC and included with the Notice of Dispute.

74.    Synchrony failed to review information provided by Plaintiff in connection with the Notice of Dispute, and failed to contact Plaintiff for any additional information.

75.    Synchrony also deliberately failed and refused to conduct a proper or timely investigation of Plaintiff's dispute, or to correct the disputed information.

76.    The inaccurate information included: (i) attributing the debt and responsibility for the fraudulent charges to Plaintiff; (ii) misrepresenting the account balances by including the disputed, fraudulent charges, and the related improper fees and interest; and (iv) reporting the accounts as past due as a result of the disputed charges.

77.    Synchrony has continued inaccurately reporting information to the Experian regarding Plaintiff's Synchrony Card, including information resulting from the identity theft, in violation of 15 U.S.C. § 1681s-2.

78.    As a result of Synchrony's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including but not limited to damages pertaining to securing attorney representation, and incurring attorneys' fees and costs, to defend herself in multiple civil cases that were illegally,

unjustifiably, and without cause filed by Synchrony; (ii) statutory damages; (iii) punitive damages; and (iv) recovery of attorneys' fees and costs incurred in connection with this action.

<div align="center">

**COUNT II**
**Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681o)**
*AS TO SYNCHRONY*

</div>

79.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

80.     Upon information and belief, Synchrony – either directly or acting through an agent – furnished inaccurate information regarding Plaintiff's Synchrony Card to Experian, which was incorporated into Plaintiff's credit file and credit reports.

81.     As parties to the applicable account agreements, and compilers and furnishers of information concerning the Synchrony Card, Synchrony had a duty to ensure Plaintiff's account history and information was accurately recorded and maintained, and to ensure the accuracy of any such information furnished to Experian.

82.     Synchrony has further negligently persisted in reporting inaccurate information to Experian without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

83.     Synchrony's negligent and ongoing furnishing of inaccurate and disputed information regarding Plaintiff's accounts has caused Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, increased debt and financial burden resulting from improperly imposed fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

84.    As a result of Synchrony's negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney representation, and incurring attorneys' fees and costs, to defend herself in multiple civil cases that were illegally, unjustifiably, and without cause filed by Synchrony; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

**COUNT III**
**Willful Failure to Block Information Resulting from Identity Theft**
**(15 U.S.C. §§ 1681c-2, 1681n)**
*As To Experian*

85.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

86.    The FCRA requires CRAs to block the reporting of information resulting from identity theft when notified by the consumer:

> [A] consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of-- (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

15 U.S.C. § 1681c-2(a).

87.    CRAs are further required to notify the furnisher of such information "(1) that the information may be a result of identity theft; (2) that an identity theft report has been filed; (3) that a block has been requested under this section; and (4) of the effective dates of the block." 15 U.S.C. § 1681c-2(b).

88.    If a CRA declines to block, or rescinds a block, of information resulting from identity theft, it must promptly notify the consumer "in the same manner as consumers are notified

of the reinsertion of information under section 1681i(a)(5)(B) of this title." *See* 15 U.S.C. § 1681c-2(c).

89.     On August 20, 2024, Plaintiff mailed multiple copies of the Notice of Dispute to Experian via certified mail. *See* Ex. A. The USPS Tracking for the Notice of Dispute confirms each copy was delivered to Experian. *See id.*

90.     The Notice of Dispute included all information and documentation required for an identity theft block under 15 U.S.C. § 1681c-2(a). *See* Ex. A.

91.     Accordingly, within four (4) business days of receipt of the Notice of Dispute, Experian was obligated and required to block the reporting of information in Plaintiff's file resulting from the identity theft.

92.     Upon information and belief, Experian deliberately failed to timely implement the required block pursuant to 15 U.S.C. § 1681c-2(a).

93.     Upon information and belief, Experian further willfully declined to block the information and/or rescinded the block without authority or investigation, and without notifying Plaintiff, in violation of 15 U.S.C. § 1681c-2(c).

94.     Experian's willful failure to block the reporting of information in Plaintiff's file resulting from identity theft has caused Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

95.     As a result of Experian's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual

damages, including but not limited to damages pertaining to securing attorney representation, and incurring attorneys' fees and costs, to defend himself in multiple civil cases that were illegally, unjustifiably, and without cause filed by Synchrony; (ii) statutory damages; (iii) punitive damages; and (iv) recovery of attorneys' fees and costs incurred in connection with this action.

## COUNT IV
### Negligent Failure to Block Information Resulting from Identity Theft
### (15 U.S.C. §§ 1681c-2, 1681o)
#### AS TO EXPERIAN

96.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

97.    Upon receipt of the Notice of Dispute, Experian was obligated and required to block the reporting of information in Plaintiff's credit file resulting from the identity theft.

98.    Upon information and belief, Experian negligently failed to timely implement the required block pursuant to 15 U.S.C. § 1681c-2(a).

99.    Upon information and belief, Experian further negligently declined to block the information and/or rescinded the block without authority or investigation, and without notifying Plaintiff, in violation of 15 U.S.C. § 1681c-2(c).

100.   Experian's negligent failure to block the reporting of information in Plaintiff's file resulting from identity theft has caused Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, increased debt and financial burden resulting from improperly imposed fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

101.   As a result of Experian's negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual

damages, including but not limited to damages pertaining to securing attorney representation, and incurring attorneys' fees and costs, to defend herself in multiple civil cases that were illegally, unjustifiably, and without cause filed by Synchrony; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

## COUNT V
### Willful Failure to Assure Accuracy of Consumer Information in Credit Report
### (15 U.S.C. §§ 1681e(b), 1681n)
#### AS TO EXPERIAN

102.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

103.    "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

104.    Experian received Plaintiff's Notice of Dispute demonstrating that Plaintiff was the victim of identity theft, and evidence that Plaintiff's credit report contained inaccurate information.

105.    Despite receipt of the foregoing, Experian deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning Plaintiff's Synchrony Card.

106.    Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, Experian failed and refused to properly review it, and further failed and refused to contact Plaintiff or Synchrony for any additional information that would assist in a reasonable investigation.

107.    Accordingly, Experian continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from

improperly imposed fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

108.    Experian's failure to follow reasonable procedures to assure maximum possible accuracy of the information in its report was malicious, intentional, reckless, and willful.

109.    As a result of Experian's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including but not limited to damages pertaining to securing attorney representation, and incurring attorneys' fees and costs, to defend herself in multiple civil cases that were illegally, unjustifiably, and without cause filed by Synchrony; (ii) statutory damages; (iii) punitive damages; and (iv) recovery of attorneys' fees and costs incurred in connection with this action.

## <u>COUNT VI</u>
**Negligent Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681o)**
*As To Experian*

110.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

111.    Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, Experian failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning Plaintiff's Synchrony Card.

112.    Accordingly, Experian continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed fees, interest, and late charges, payment of attorneys' fees and other costs to

retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

113.    As a result of Experian's negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney representation, and incurring attorneys' fees and costs, to defend herself in multiple civil cases that were illegally, unjustifiably, and without cause filed by Synchrony; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

## COUNT VII
**Willful Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681n)**
*AS TO EXPERIAN*

114.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

115.    "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . ." 15 U.S.C. § 1681i(a)(1)(A).

116.    This investigation must be completed within thirty (30) days of the CRA receipt of notice of the dispute. *See id.*

117.    The CRA must also provide notice of the dispute to any furnisher of the disputed information, within five (5) business days of receipt.

118.    "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider

all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

119.    Within five (5) business days of completing a reinvestigation, a CRA must provide the consumer with written notice of the results and additional statutory notices.

120.    Upon receipt of Plaintiff's Notice of Dispute, Experian deliberately failed and refused to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff's Synchrony Card.

121.    Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, Experian failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

122.    Upon information and belief, Experian deliberately failed to provide notice of Plaintiff's disputes to the furnisher of the disputed information, as required under 15 U.S.C. § 1681i(a)(2).

123.    Upon information and belief, Experian also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

124.    Experian further deliberately failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

125.    Experian's failure to follow reasonable procedures to assure maximum possible accuracy of the information in his credit file was malicious, intentional, reckless, and willful.

126.    As a result of Experian's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including but not limited to damages pertaining to securing attorney representation, and incurring attorneys' fees and costs, to defend himself in multiple civil cases that were illegally, unjustifiably, and without cause filed by Synchrony; (ii) statutory damages; (iii) punitive damages; and (iv) recovery of attorneys' fees and costs incurred in connection with this action.

### COUNT VIII
**Negligent Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681o)**
*AS TO EXPERIAN*

127.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

128.    Upon receipt of Plaintiff's Notice of Dispute, Experian had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff's Synchrony Card.

129.    Experian failed to provide notice of Plaintiff's disputes to the furnisher of the disputed information, as required under 15 U.S.C. § 1681i(a)(2).

130.    Experian failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or the furnishers of the disputed information, for any additional information that would assist in a reasonable investigation.

131.    Experian further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

132.    Experian's failure to follow reasonable procedures to assure maximum possible accuracy of the information in the credit files, and failure to correct inaccurate and damaging credit information contained in Plaintiff's credit file, has caused Plaintiff to suffer damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

133.    As a result of Experian's negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney representation, and incurring attorneys' fees and costs, to defend herself in multiple civil cases that were illegally, unjustifiably, and without cause filed by Synchrony; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

<div align="center">

**COUNT IX**
**Collection of Prohibited Fees**
**(15 U.S.C. § 1692f and 12 C.F.R. § 1006.22)**

</div>

134.    Synchrony falsely attributed responsibility for the fraudulent debt on the Synchrony Card to Plaintiff, despite evidence demonstrating that Plaintiff was the victim of identity theft and did not make or authorize the disputed charges. Synchrony deliberately ignored such evidence, and failed and refused to investigate Plaintiff's disputes and claims of identity theft.

135.    The collection of fraudulent debt resulting from identity theft, and fees, interest, and charges stemming from the accrual of fraudulent debt, is certainly not expressly authorized or

even contemplated by the applicable agreements underlying Plaintiff's Synchrony Card, nor is it permitted by law.

136.    In fact, the collection of, or attempt to collect, any such fraudulent debt and related fees, interest, or other charges is expressly prohibited by the FDCPA, and constitutes "unfair or unconscionable means to collect or attempt to collect a[] debt." *See* 15 U.S.C. § 1692f; *see also* 12 C.F.R. § 1006.22(b).

## STATE LAW CLAIMS

## VIOLATIONS OF N.Y. GENERAL BUSINESS LAW

137.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

138.    Sections 374 through 382-b of Article 25 of the New York General Business Law codify New York's Fair Credit Reporting Act.

139.    Plaintiff is a "consumer" within the meaning of the NYFCRA. *See* GBL § 380-a(b).

140.    Synchrony is a "person" within the meaning of the NYFCRA. *See* GBL § 380-a(a).

141.    Experian is a "consumer reporting agency" within the meaning of the NYFCRA. *See* GBL § 380-a(e).

## COUNT X
### Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
### (N.Y. Gen. Bus. Law § 380-o)
### *AS TO SYNCHRONY*

142.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

143.    The NYFCRA prohibits the knowing and willful introduction, or attempt to introduce, false information into a consumer reporting agency's files. *See* GBL § 380-o(2). Persons who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

144.    As a result of Synchrony's knowing and willful introduction of false information regarding Plaintiff's account into the files of the consumer credit bureaus, Plaintiff has suffered damages including loss and reduction of credit, damage to his credit rating, increased debt and financial burden resulting from improperly imposed fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

145.    As a result of Synchrony's foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney representation, and incurring attorneys' fees and costs, to defend herself in multiple civil cases that were illegally, unjustifiably, and without cause filed by Synchrony; (iii) punitive damages; and (iv) attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

## COUNT XI
### Failure to Investigate and Resolve Consumer Dispute
### (N.Y. Gen. Bus. Law §§ 380-f, 380-m)
### AS TO EXPERIAN

146.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

147.    Pursuant to GBL § 380-f(a):

If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.

148.    If, after conducting the re-investigation, the CRA can no longer verify an item, or confirms an error, the CRA must, among other things: (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent consumer reports"; and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

149.    Further, "if any item disputed and reinvestigated is found to be in error or can no longer be verified, upon completion of the reinvestigation of all items disputed, the [CRA] shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

150.    Upon receipt of Plaintiff's Notice of Dispute, Experian was obligated to investigate Plaintiff's claims, notify Plaintiff of the results of the investigation, and fulfill any additional requirements of GBL § 380-f.

151.    Experian failed to undertake any investigation of Plaintiff's dispute, or to review any information provided in connection with the dispute, and likewise failed to revise or correct any of the inaccurate information contained in Plaintiff's credit file.

152.    Experian further failed to notify Plaintiff of the results of their investigation, as no such investigation ever took place.

153.    This conduct has caused Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, increased debt and financial burden resulting from improperly imposed fees, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, emotional distress, and other actual damages.

154.    As a result of Experian's foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney representation, and incurring attorneys' fees and costs, to defend herself in multiple civil cases that were illegally, unjustifiably, and without cause filed by Synchrony; (iii) punitive damages; and (iv) attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

155.    Experian is further liable to Plaintiff, pursuant to GBL § 380-m, for damages including: (i) actual damages; and (ii) attorneys' fees and costs incurred in connection with this action.

## **DEMAND FOR JURY TRIAL**

156.    Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully requests a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully demands judgment awarding all actual, statutory, and/or punitive damages, recovery of attorneys' fees and costs, and any other relief available pursuant to applicable law.

Dated: Brooklyn, New York
          December 2, 2024

PETROFF AMSHEN LLP
*Attorneys for Plaintiff,*
Feng Lin

/s/ Serge F. Petroff
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com